The Van Nuys Highway Patrol was one of the great McLellan who brought to action under 1983 a legend whose case was terminated for dishonesty, not for a statement made in his capacity as a Highway Patrol Trooper, but rather as the President of the Association. The case proceeded to the Suffering Judgment Study. Yes, First Amendment retaliation. He was fired for speech made in a private capacity as the President of the Association on a matter of public concern. The District Court never reached for the merits of those allegations, instead disposing of the case on the basis of a plain conclusion because Truman McLellan had been unsuccessful in his due process hearing, which the 14th Amendment was required to provide to him because he had a property interest in his employment. Am I correct in recalling that the District Court did not do an issued conclusion analysis? That is correct. If we were to send the case back, there might well be an issued conclusion analysis. That is correct. What happened was we very clearly briefed this circuit's decision in Diaz v. Zaliki, which states that the decisions of Nevada State Hearing Officers under IRS 284390 are not entitled to propositive effect because the standard of proof utilized in such proceedings was below a preponderance of the evidence standard. It was a substantial evidence standard, which was less than a preponderance. The District Court sought to circumvent that decision in Diaz v. Zaliki by saying, I'm deciding it under a plain preclusion, and on a plain preclusion, unlike issued preclusion, cannot be defeated. So focus on a plain preclusion for a second. And focus on the, and I think it was the director, the director at the time the events took place, not the director who later sued in this act with official capacity. With respect to the director at the time the events took place, why isn't there a plain preclusion? And is it official capacity? It is official capacity suit. I believe that if there, if plain preclusion would apply, I believe official capacity suit would be precluded because the individual capacity suits clearly, the other circuits have held the circuit has the specificity. No, I'm just asking about official capacity suit. Do you concede that with respect to a suit? If plain preclusion were to apply, I would have to concede arguably that the official capacity suit. I'm asking you a real question. When I say arguably, I say arguably because I can't think of a reason that would stop it from being applied to the official capacity suit. One is not coming to my head. As a practical matter, and again, this is just, I'm not asking you to concede anything in terms of your legal position, but if you were to conclude that the official capacity claim is precluded, but the individual capacity claims are not, what difference does it make to your client? In practical terms. In practical terms, you would be able to sue for damages if the individual claims went forward. Correct. That's why I'm saying if, so what I'm trying to understand is your position with respect to the liability of your claims. The only thing that would be precluded is the official capacity claim with only one barred. You wouldn't have the injunctive relief. Correct. But you would still have the damages. Correct. However, and let's focus on that for a second because with respect to the injunctive relief, which is getting the job done, correct? Correct. Isn't that precisely the topic of the administrative proceedings in this case? It is, and that's why I say if the claim preclusion were to apply, I would think I would have to concede that that case would have to start. So why wouldn't the claim preclusion apply to the reinstatement proceedings? Because you have the ability to go to state court after the administrative. The claim preclusion would not apply because in order for claim preclusion to apply, and this was the flaw in the district court's analysis, that claim preclusion cannot be defeated by a change in the standard of proof. If that rationale applies as long as the standard of proof is preponderance or higher, then you cannot defeat it with a change in the standard. However, for claim preclusion to apply under Utah, United States v. Utah construction and mining, one of the elements of claim preclusion is that there must be a full and fair opportunity to litigate, and this circuit has held, as other circuits have held, when some aspect of due process is missed, such that there is not a full and fair opportunity to litigate, then even claim preclusion doesn't qualify. I understand your argument that the burden of proof was standard. Standard proof was different. But is there any case that says that that so violates due process that there's not a fair ability to litigate? Yes, because one of the things that is— What case? The Surrey v. State Chiropractic Court from the Nevada Supreme Court, which was decided after summary judgment was decided in this case. Does that say as much as what— In my view, I don't see it saying as much as you're trying to say. Is it a violation of due process? Yes. It says—The Surrey v. State Chiropractic Court says that the minimum standards of due process, minimum standards require administrative agency actions to go forward under a preponderance of evidence standard because, as they pointed out in a footnote, if you use less than a preponderance standard, a lower standard, it would be nonsensical because a conclusion would then likely be more likely to be incorrect than correct. The Surrey clearly holds. It uses the word due process. Minimum standards of due process require, at a minimum, the standard of proof be preponderance. An employee should not lose their property interest in their employment protected by the 14th Amendment under a standard which allows for an inclusion which is more likely to be incorrect than correct. Were the retaliation issues litigated in the investigative proceedings? He raised the issue and argued it. Under Chapter 284 have extremely limited jurisdiction. They are allowed to say, I find this is reasonable or unreasonable, and that's it. Or they are allowed to make— They could not litigate or resolve that issue. That's correct. We'll simply— A couple more questions, and then I'll finish the question. Certainly. That issue under Holcomb could be raised in the appellate, administrative appellate review statements, correct? That is correct. Was the opportunity to raise the issue at that stage mandatory or permissive? I believe it is permissive. I don't care about beliefs. Okay. I can't answer it. Well, what's the law? What's your best case? There is nothing in Nevada that says you must. Therefore, that creates a choice. What does Holcomb say about that doctrine? Holcomb says that if you do avail yourself under the Administrative Procedures Act and do not avail, then claim precludes and applies. It doesn't say you must. It does not say you must. It does not speak to the permissive versus mandatory act. Not as I read it. Is that an issue of first impression for us under the 9th Circuit and the 9th Circuit? I would say yes, because as I intended to point out in my opening brief, the treatment afforded to hearing officer decisions under NRS 284.390 has been wildly inconsistent. There are some cases unpublished saying if you go to a louder mill hearing, which is a free term admission hearing, very informal, and go no further, claim preclusion applies. Cases are all over the place. It looks like as a normal matter of claim preclusion, don't we say that if you've had an opportunity to raise all claims arising in a single set of facts and fail to do so, whether it's permissive or mandatory under state law, then you're precluded from bringing them into second action. As long as the forum has jurisdiction to hear it. Right. And your answer to Judge O'Shara was that the appellate, the superior court acting as an appellate matter would have jurisdiction. The state hearing officer would. But at the end of the day, we could look at issues of privity, jurisdiction. The simple approach is really one to recognize that the full and fair opportunity to litigate a requirement under Utah construction for claim can only be met when the state can deprive you in an administrative hearing under a standard less than or likely than not. Less likely than not. And that is where the process violation occurs. And that's why claim preclusion cannot apply. And the opinion in Diaz v. Leakey cannot be served on that. We're almost out of time. I would like to reserve my final 42 seconds. Okay. Be careful, Mr. Jensen. Good evening, police and court. My name is Michael Jensen. I'm with the Office of the Attorney General in the state of Nevada. I represent the appellees in this case. Jerry Hafen, Chris Gary, and Tony Alvarez. Can we shift around the burden that we put on your opponent and ask you, with respect to the individual claims, the claims against your clients in their individual capacity, how can there be claim preclusion? Your Honor, I believe that all of the elements in the state of Nevada for each of those individual defendants. I would argue under Nevada law that privity is established in this case for each of those individual defendants. In this particular case, the reason each of them had been sued is because of official actions they took as the appointing authority for the Department of Public Safety in terminating Mr. McCloskey. What Nevada case says that an action, a previous action involving only the state or the individuals in their official capacity would cover this situation? I'm relying on cases that analyze what privity is under Nevada law, which looks to the identity of the interest of the individual. Those are general privity cases. Is there a case that says the state official is in privity with the state if the state was previously a party to an action? I'm not aware of a case that's directly on point on that issue. In fact, I think... No, in my view, what I don't understand is Nevada administrative law being important to have. Is there a scheme to resolve these individual claims when they, in the first instance, would be a matter of first principles? What they have the authority to... I want to answer that question first and then move on. Does the state administrative body have jurisdiction to resolve claims against these officials in their individual capacity? Would the hearing officer at the administrative level have the authority to determine whether Mr. McClellan's termination was based on legal cause? So your answer to Judge Osiris' question is no. No, my answer is they had the authority, that judge had the authority after a full evidentiary hearing to look at whether or not that termination was appropriate under the law. You're not talking about issues. We're talking about defendants. I'm talking about a retaliation point against these defendants in their individual capacity. It seems to me that that's uniquely a federal question, not being about whatever constitutional basis it arises under, and not one particularly directed to state administrative proceedings. But I could be wrong. I'm listening, and I'd like to have you tell me about the law. Well, I believe the Hosmer case is pretty much on point on that particular issue because the Hosmer case from this circuit made a determination, looking at the administrative proceeding, that the actual constitutional claim against that particular individual, in that case, Ursula Holcomb, had the authority. In her individual capacity. Pardon? In her individual capacity. She was the employee who was terminated. She then sued the chief of the highway patrol at the time, and the court found, in that case, where that individual had sued the former chief of the highway patrol, that the individual, the employee, had the ability in that administrative proceeding to a fair and adequate opportunity to try that First Amendment retaliation claim. I just want to go back and challenge your assertion that the Holcomb and the Hosmer case decided the issue of privity with the employees. Because in point number two. Your Honor, I am not saying they decided the privity issue. In that case, I'm saying that they decided that, I think in answer to your question, that the actual constitutional claim, which she was claiming First Amendment retaliation, claiming that her husband's association with an employee association had led to her termination and not the reasons which the employer had provided, which was that she had, similar to this case, that she had engaged in a fraudulent issuance of a subpoena. And in the Holcomb case, that's what they decided. They decided that because she had the opportunity at that administrative hearing to raise the constitutional claim, that because she could then appeal that claim through judicial review, that she was cut off from being able to bring that claim again in a separate action. But in terms of the distinction between official capacity and individual capacity, which is what we've been discussing in part, I don't view that case as having decided the privity question under the law. I would agree they didn't go to that because it was conceded. It was conceded. Yeah, it was a different question about Holcomb. Is Holcomb now good law after five-star? I believe it's still. I thought the Nevada Supreme Court sort of said to us, you folks really don't understand Nevada law. And let us explain it in simple terms so that even the Ninth Circuit judge can understand it. After five-star, does Holcomb still stand for the proposition that all claims are precluded? Yeah, I think at five-star, they kind of indicated that they had been a little confused in their decisions about claim preclusion and issue preclusion as well. And I would submit to the court that the five-star decision does not compel reversal of Hossmer. And let me explain why. Because in the Hossmer case, the one particular issue that was decided, the core issue in that case, was the issue I was just talking about, which was the constitutional issue, and whether or not that constitutional issue could be decided in the administrative proceeding and on judicial review. That core principle was based on an analysis that looked at the claim preclusion cases from the state of Nevada. So although the five-star case clarified the elements and the language of what claim preclusion is, they did not use a different analysis when looking at whether there was a claim or not on constitutes of claim. In fact, they used the same analysis that you'll find in five-star in subsequent cases when it comes to determining whether there is a claim or not in Nevada. The standard is, is that subsequent claim based on the same set of facts and the same alleged wrongful conduct. But even if it were, you'd still need privity. That is correct. Okay. And I recognize that they didn't deal with privity in that particular case. Is it, therefore, for us to remand that question to the district court, which would include privity determination in the first instance? I don't believe that that is necessary because this court has the authority to make a decision if there is law and evidence supporting privity in this case. I would submit to the court that there's clear privity in this particular case. These individuals are being sued for the ultimate official action that they took as the decision makers. They were acting under the state of Nevada law as appointing authorities and both recommending and determining that termination was appropriate. And after the fact, in the administrative hearing, they supported that. So in Nevada, where you have to name the appointing authority as the entity in the personnel action, the reality is those three individuals were the entity. Do you know whether or not the plaintiff, I call it Hosmer, Hocum, sought anything more than injunctive related to the plaintiff in that case seeking damages? Our opinion doesn't make it clear. I don't know the answer to that, but I would be very surprised if the plaintiff wasn't taking damages in that particular case. And could you address the differing burden of proof in the administrative proceeding than in the 1983 proceeding? Absolutely. I understand that Hosmer doesn't deal with that, for your position, but I think the law from this circuit supports the fact that differing burdens of proof don't defeat acclaimed preclusion. I thought that that was, that Diaz was right quite to the contrary. No, in fact, I think Diaz says in a claimed preclusion case, there's a quote right from that case that says, that quote shifts the burden of persuasion or case. The degree of persuasion required, or defeat claimed preclusion. Defeat. Issue of preclusion. That case was about issue of preclusion, and the cases are consistent when it comes to claimed preclusion. That burden of proof does not make a difference. And I would say even in this case, if you wanted to, as Mr. Levine would ask, go and look at it in the sense of whether there was due process afforded to the individual, this particular individual, in this particular case, that burden of proof makes, or standard of proof makes no difference because Mr. McClellan did not provide any evidence in support of a retaliation claim in that administrative proceeding. Whose burden was it in the administrative proceeding to show that the determination was appropriate? The initial burden was on the department. However, as the court pointed out in Hosbur, a defensive pretext could be raised in the administrative proceeding. In that context, meaning that the individual could claim that they were being terminated for an improper purpose, an unconstitutional purpose. And because they have the authority to do that, that that was available to them, and that they were precluded from bringing it later on. Thank you, Counsel. Did Mr. Levine, you have a better time with that? I think the best use of it, Your Honor, in this hearing, it is Footnotes 7 and 8 where they held that preponderance is the minimum standard necessary under due process. Here, the license at issue could be no less deserving of due process than the one  we approved the use of a minimum civil standard of proof. There is no lower standard. That's a direct quote. The property interest in Zephyr McClellan's employment is at least equal to the license at issue in this area and requires that preponderance be used in the administrative proceedings where due process is not met. Even claim preclusion cannot apply under the documents that we provided. Thank you, Counsel. The case is just starting to get submitted and we appreciate very much the arguments from both counsels.
judges: Lucero, Graber, Hurwitz